SAMPLE ET AL. vs LAMB'S CURATOR.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF WEST FELICIANA.

A joint authority cannot be exercised by a part of those to whom it is delegated, even after the death of one of them.

Eastern District,
March 1831

SAMPLE ET AL.
vs.
LAMB'S CURA-
TOR.

A number of individuals subscribed a sum of money for the construction of a road, and appointed five commissioners to contract for the work.

They employed Lamb, and transferred to him the subscription paper. Lamb collected from the subscribers large sums, and died before the completion of the work.

The petition stated that one of the commissioners was dead, and this action was brought by the surviving four, to recover damages from the curator of Lamb.

The defendant excepted to the plaintiff's right of action, on the ground that the power was delegated to five commissioners, and one of them was not a party to the suit, but was alleged to be dead. The exception was overruled—there was a judgment from which the plaintiffs appealed, but the reversal of which was prayed for by *Turner*, for the appellees, who made the following point:

1. There was no authority vested in the plaintiffs to commence and carry on this action, and the court below erred in overruling the exception.—*C. C. arts.* 2964, 2965, 2966.

*Martin, J.*, delivered the opinion of the court.

The plaintiffs state that a number of individuals subscribed a considerable sum of money, for the construction of a road from the town of St. Francisville to the Mississippi, and appointed them and one Smith, who has since died, their commissioners, to carry their intention into execution; and they accordingly contracted with Lamb, who took on himself to perfect the road, and to enable him to do so, they transferred the subscription paper to him: that he made large collections, but did not comply with his engagements, and has since died; and the defendant is curator of his

Eastern District.
*March* 1831.

SAMPLE & AL.
*vs.*
LAMB's CURA-
TOR.

estate. The petition concludes with a prayer that the defen-
dant be decreed to retransfer the subscription paper to the
plaintiffs—that they may be declared privilege creditors for
the value of certain slaves purchased by Lamb out of the
moneys collected by him from the subscribers: that damages
be allowed them, &c.

The defendant pleaded several matters as exceptions to
the plaintiff's right to maintain their suit; but particularly
that they allege that authority was given to them and an-
other, to act as commissioners or agents for the subscribers;
and that the authority being *joint* only, and not joint and
several, can only be exercised by the five persons to whom
it was granted, and not by a less number, even after the
death of one of the five.

The exceptions were overruled—the defendant answered
over: there was a judgment, from which the plaintiffs ap-
pealed; but the reversal of which is prayed by the defen-
dants and appellees, who contend that their exceptions were
erroneously overruled.

A joint authori-
ty cannot be exer-
cised by a part of
those to whom it
is delegated, even
after the death of
one of them.

The authority given by the subscribers to the five indivi-
duals, whom they appointed as their commissioners, was a
joint one only: it was not joint and several, and cannot be
exercised by a less number than the whole: not by the
survivors of either of them.

*Pothier* states that when several persons are authorized to
do an act jointly, the death of either, puts an end to the
authority.—*Mandat*, 102. In another part of the same
work, he examines whether when two are authorized to do
an act, either of them exceeds his authority in doing it
alone; and he adds, that if from the smallness of the object,
it is presumed the mandatories were expected to act sever-
ally, the authority has not been exceeded. He makes it a
question of fact on a point of evidence.

If this afforded us a legitimate rule, the presumption
would be, that the authority was not joint and s

whether a less number than all could act, and what number was intended, would not be easy to be determined.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be annulled, avoided and reversed, and the petition dismissed with costs in both courts.