## No. 835.

### Davidson B. Penn vs. John Evans, Jr.

The evidence shows that the defendant owns property in this State. Under the laws and the jurisprudence of this State that is sufficient to authorize an absentee to be sued therein.

The principle, often decided, that one for whom a contract is made is presumed to have ratified it unless he repudiates it, applies to principals—to the parties to be bound; but it can have no application to joint agents as to the ratification of the separate act of one by the other. It is their *acts* and not their *non-action* which can bind their principals.

APPEAL from the Eighth Judicial District Court, parish of St. Landry. *Morgan, J. Henry L. Garland,* for plaintiff and appellant. *Joseph M. Moore* and *Lewis Brothers,* for defendant and appellee.

### On Motion to Dismiss.

Howell, J. A motion is made to dismiss the appeal in this case on the ground that the certificate appended to the transcript is not signed by the clerk.

This is not a cause of dismissal, being the result of the negligence of the clerk, but until the record is complete we can not properly dispose of the appeal. C. P., article 898.

It is therefore ordered that the motion to dismiss be denied, and that the case be continued in order to complete the certificate of the clerk.

---

### On the Merits.

Ludeling, C. J. The plaintiff sued defendant to render him personally responsible for a note of $1129 56, executed by P. F. Keary in favor of Joseph Hoy & Co.

The plaintiff further prays for foreclosure of a mortgage alleged to have been executed on the seventeenth of June, 1871, by the agents of defendant upon a piece of property in St. Landry. The proceedings at

first were *via executiva*, but, having been enjoined, were changed to the *via ordinaria*, and a curator *ad hoc* was appointed to represent the absent defendant.

The curator *ad hoc* excepted to the right of action against defendant on the ground that the defendant is a resident of Mississippi and must be sued at his domicile; that he has an agent in this State residing in the parish of Rapides, where he should be sued if suable in this State, and that having an agent in this State no curator *ad hoc* could represent him.

The evidence shows that the alleged agent of defendant, William V. Keary, had not authority to represent defendant in suits; his authority was to sign bonds and make affidavits. The evidence shows that the defendant owns property in this State. Under the law and the jurisprudence of this State that is sufficient to authorize an absentee to be sued in Louisiana. C. P. 116, 964; C. C. 51; 18 An. 209; 19 An. 36; 2 An. 1010; 6 An. 220.

The view we have taken of this case renders it unnecessary to notice particularly the bills of exceptions to the rulings of the court *a qua* in relation to reception of evidence, which we think were correct.

On the merits the facts seem to be as follows: On the ninth of March, 1869, John N. Evans, Jr., (who had obtained a judgment against Susan Keary decreeing the sale of the property now alleged to be subject to the mortgage claimed by plaintiff) executed a notarial power of attorney, by which he constituted Patrick F. Keary and William V. Keary his agents, to buy and sell, to incumber and hypothecate, to contract loans and create debts, etc., and more particularly to do any thing in reference to said judgment. On the same day, by act *sous seign privé*, Evans authorized and instructed his said agents to pay out of the proceeds of the sale which was to be made under his said judgment against Susan Keary unto Joseph Hoy & Co. the amount of advances made by them to the said P. F. Keary, as shown by act of pledge dated the twenty-eighth of February, 1868, and which the said Evans recognized as valid and binding as if made by himself. The notes thus pledged seem subsequently to have been placed in the possession of Evans, who obtained judgment on them, and, at a sale under said judgment, the property mortgaged to pay said notes was purchased by Evans. The debt held by the plaintiff is the same which P. F. Keary contracted toward Joseph Hoy & Co., and to secure which the pledge aforesaid had been made. The defendant ought not to be allowed to keep the property which secured the pledged notes and refuse to pay the debt for whose security the pledge was created.

The pretensions of plaintiff to a mortgage are based upon the act of mortgage executed by William V. Keary, one of the joint agents of Evans. The mandate from Evans is to William V. Keary and P. F.

Keary, who jointly could act, but not separately. Had the principal intended to confer the power on his agents to act separately, he would have so said, but the contrary of this is manifested when he says W. V. Keary *and* P. F. Keary may do certain acts. They have not acted, nor has Evans, the principal, ever ratified the act of W. V. Keary. 4 M. 78; 2 La. 275; 10 An. 621.

But it is contended that P. F. Keary, the co-agent, was informed of the act of his co-agent, that a copy of the act of mortgage was sent to him for his signature and was found among his papers after his death unsigned, and therefore he ratified the act. We think the inference to be drawn from these circumstances is that he refused to sign the act or to concur with his co-agent. The principle, often decided, that one for whom a contract is made is presumed to have ratified it unless he repudiate it when informed of it, applies to principals, to the parties to be bound, but it can have no application to joint agents; it is their *acts*, and not their *non-action*, which can bind their principals. We think, therefore, that the act of mortgage was invalid.

It is therefore ordered that the judgment of the lower court be affirmed, costs of appeal to be paid by the appellant.