## MEYER, BANNERMAN & CO. V. W. H. SMITH.
### No. 102.

**1. Plea in Abatement — Due Order of Pleading.**—It is not error to disregard a plea in abatement filed after demurrer and general denial; nor to exclude testimony offered to prove a parol agreement that the plea in abatement was not to be waived by the plea to the merits.

**2. Vendor's Lien on Sale of Homestead—Wife not a Necessary Party.**—Husband and wife executed their deed for their homestead. In suit to enforce the payment of purchase money and to foreclose the vendor's lien the wife is not a proper party. She would not be a necessary party had it appeared that the claim was the separate property of the wife.

**3. Vendor's Lien—Consideration Payable in Goods.**—The vendor's lien is a material equity growing out of the sale itself. It exists unless waived. The promise to receive payment in goods is not a waiver. If the debt be not discharged in goods, where such mode of payment was agreed upon, it becomes a moneyed demand, and can be enforced as upon a promissory note.

**4. Ratification — Delay.**— Mere delay in repudiating the act of an agent, done without authority, will not have the effect of ratifying it. It would be evidence along with other facts from which, if it should be unreasonable, the jury might infer a ratification. The court should not instruct the jury to find a ratification in case of unreasonable delay after notice of the facts, but should leave the delay and its circumstances to the jury to determine whether a ratification should be inferred.

**5. Charge—Error in Assuming Fact.**—It was error to charge the jury that the deed taken by an unauthorized agent of the grantees, when sent them, furnished full knowledge of the facts, and that the receipt of it was all that was required to put the grantees in the possession of the facts. The grantees should be allowed the privilege of ascertaining the value of the land from any other reasonable source.

**6. Parol Promise to Pay for Land Purchased.** — If the grantees named in a deed accept the deed, they become subject to the obligations imposed by it, and payment of the purchase money can be enforced although the promise be not in writing.

APPEAL from McLennan. Tried below before Hon. J. R. DICKENSON.

This was a suit by Smith against Meyer, Bannerman & Co., who resided in St. Louis, Missouri, to recover an alleged balance of purchase

money for a town lot in McGregor, McLennan County, Texas, and to foreclose the vendor's lien.

The defendants held an account against Smith for goods furnished him in his business. A collecting agent of the defendants, finding Smith unable to pay, insisted upon his conveying his homestead to defendants. This was done, the indebtedness being acknowledged as a cash payment; the balance was to be paid in goods for use in Smith's business. Smith remained in possession, chargeable with rent at $10 per month. The contract price for the lot was $1000. Smith and wife executed a warranty deed for the lot, which was forwarded to the grantees. Some correspondance followed about the matter. Suit was by the husband alone. The defendants, by attorney, filed demurrer and general denial. Subsequently by amendment they sought to plead in abatement. They also defended, denying the authority of the agent to buy; denying ratification of the purchase, etc. Judgment was rendered for plaintiff, and the defendants appealed.

*Prather & Lindsey*, for appellants.—1. The plaintiff below sought a personal judgment against defendants below, and the latter being citizens of the State of Missouri, and not having been brought into court by any process thereof, were not amenable thereto for such purpose. Rev. Stats., art. 1230, 1235.

2. The plaintiff having alleged that he and his wife, Belle Smith, being the owners of the land, sold and conveyed same to defendants, his said wife should have been joined as party plaintiff. Const., art. 16, sec. 50; Jergens v. Schiele, 61 Texas, 255; Read v. Allen, 56 Texas, 182.

3. No express lien being retained in the deed, a vendor's lien could only arise or be implied by law when the sale was for money. 3 Pome. Eq. Jur., sec. 251, and note; 1 White & Tudor Lead. Cases in Eq., 484, et seq.

4. It was error for the court to select out a part of the facts of the case and charge the jury as to the defendants' liability thereon. Rev. Stats., art. 1317.

5. The court erred in refusing to give the following charge to the jury, asked by these defendants, to-wit, that "if there was no promise or memorandum thereof in writing signed by these defendants, or by some person by them thereunto lawfully authorized, then the jury must find for defendants." Crutchfield v. Donathon, 49 Texas, 691; Wooldridge v. Hancock, 70 Texas, 18; Watson v. Baker, 71 Texas, 739; Louis' Exr. v. Welch, 2 S. E. Rep., 242; Railway v. Evans, 66 Am. Dec., 394; Corbitt v. Gas Co., 25 Am. Rep., 541.

*Scarborough & Rogers*, for appellee, cited: York v. The State, 73 Texas, 651; 2 Jones on Liens, sec. 1071; Thomp. on Charg. Jury, sec.

121; Salmons v. Roundtree, 24 Ala., 458; Thornton v. Lane, 11 Ga., 459; Kelley v. Dutch Church, 2 Hill, 116; Collins v. Cooper, 65 Texas, 464; Story on Ag., secs. 73, 75, 82, 127, 130, 253, 257, 258; 1 Am. and Eng. Encycl. of Law, 439, 351, 540; Williams v. Johnston, 92 N. C., 532; Griggs v. Selden, 58 Vt., 561; Walsh v. Ins. Co., 73 N. Y., 5.

COLLARD, ASSOCIATE JUSTICE.—Appellants state the nature and result of the case as follows, which is not objected to by appellee:

Appellee instituted this suit against appellants, claiming that on August 21, 1886, he and his wife, Belle Smith, being the owners in fee of the land therein after described, sold and by warranty deed of said date conveyed to appellants a certain lot in the town of McGregor, McLennan County, Texas; that the deed was executed and delivered to appellants on said day; that the consideration for said land was $1000, $278.80 of which was then and there paid to appellee by appellants, and the remaining $721.20 was to be paid to appellee by appellants in saddlery goods, to be delivered on or before the 1st day of September, 1886; that appellants did not deliver said goods, or any part thereof, on or before said last named day, and though often requested, had hitherto failed and refused to do so, to plaintiff's damage $1000. Appellee claims, that by reason of the premises appellants became liable to pay him the said sum of $721.20, and that by virtue of the premises he and his wife held a vendor's lien on said lands for said sum of $721.20.

He further alleged, that he had remained in possession of the land by contract entered into at the time of said alleged sale, whereby he promised to pay appellants rent at the rate of $10 per month, which rent he admitted to be due and unpaid.

Appellee prayed that he have judgment for said sum of $721.20 and interest from said 1st day of September, 1886, less the said rent; and he further prayed for a foreclosure of said vendor's lien, and for a judgment directing the sale of said land in satisfaction thereof. Appellee alleged in his petition that appellants reside in city and county of St. Louis, Missouri.

Appellants, on January 30, 1889, filed a general exception and general denial, and afterwards, by leave of the court, filed on April 26, 1889, their first amended answer, in which, setting up the fact of the residence in Missouri, they pleaded to the jurisdiction of the court, and by way of exception and demurrer asserted, that, first, appellee showed no cause of action against them; second, that there was a misjoinder of parties plaintiff, because Mrs. Belle Smith should have been joined as party plaintiff; third, that appellee's petition failed to show that there was any vendor's lien retained, or that any such lien accrued by law, and that the facts alleged showed that appellee had no such lien. Appellants' said amended answer further contained a general denial, and further specially set up as

a defense, first, that whatever promise or agreement was made by them or on their behalf was in parol, and that neither such promise or agreement, or any memorandum thereof, was in writing and signed by these defendants, or by any person by them lawfully authorized; second, that if forced to take said land, they ask to be allowed credit for the rents; and third, that they were willing for a decree of court at appellee's expense for removing all cloud on his title created by his unauthorized acts.

There was a verdict of the jury in favor of appellee against appellants for " the sum of §524.82, with vendor's lien on the land," and there was judgment rendered thereon by the court that he recover from appellants said sum and interest and costs of suit, and foreclosing said vendor's lien, and ordering a sale of said land for satisfaction thereof.

Defendants have brought the case to this court by writ of error.

The first assignment of error is, that " the court erred in overruling the plea in abatement." The plea was not in due order of pleading; it came too late after the demurrer and general denial. Compton v. Stage Co., 25 Texas Supp., 67; Allen v. Read, 66 Texas, 13; Rev. Stats., arts. 1292, 1268.

It is next insisted, that " the court erred in refusing to allow defendants below to show by evidence that their answer of demurrer and general denial had been filed to accommodate counsel for plaintiff, and with the distinct understanding that the same should not have effect of preventing them from filing any plea they might desire to file."

The bill of exceptions upon the point shows, that while the preliminary argument upon the plea to the jurisdiction was proceeding, the court, of its own motion, informed defendants' counsel that because defendants had before filed a general demurrer and general denial, it would not consider the plea to the jurisdiction, and would for that reason overrule the same; thereupon defendants' counsel offered to prove by the attorney who filed the demurrer and denial that it was done as a favor to plaintiff's counsel, and to allow him to proceed to take testimony, and with the distinct understanding that the same should not have the effect of preventing defendants from filing any plea they desired to file. The agreement was not in writing, and plaintiff's counsel differed with defendants' counsel as to the effect of the agreement, and the court declined to enter into an investigation of the matter. Defendants reserved an exception.

There was no error in the ruling, the defendants failing to show that they were injured thereby. Dist. Ct. Rule 47.

The defendants appeared in court without process or service of citation; by so doing they submitted themselves to the jurisdiction of the court. Rev. Stats., art. 1241; York v. The State, 73 Texas, 653.

No error is pointed out by the assignment complaining of the action of the court in overruling defendants' general demurrer and exceptions to the petition, and the assignment will not be considered.

There was no error, as claimed by another assignment, in overruling defendants' exception, to the effect that the wife of Smith ought to have been made a party plaintiff.   The petition does not show that the claim sued on was the separate estate of Mrs. Smith.   If it had been shown that she had any separate estate rights therein, she would not have been a necessary party.

The statute provides, that " the husband may sue either alone or jointly with his wife for the recovery of any separate property of the wife." Rev. Stats., art. 1204; Read v. Allen, 56 Texas, 194.

There is no doubt but that the husband may maintain this suit.   He can sue to recover her separate estate, and can sue or be sued when community estate is involved.   Suits on demands *against* her, to charge her separate estate, or to recover from her her separate estate, raise other questions, which need not now be discussed.   Rev. Stats., 1206; Read v. Allen, supra.

Plaintiffs in error insist by assignments, that the obligation sued on being for goods, and not for money, was not secured by an implied vendor's lien.

If there be an obligation, it is for the purchase price of the land conveyed, which carries with it by implication of law a lien upon the land to secure its payment.   This has been the law in this State since the organization of our Supreme Court.   Briscoe v. Bronaugh, 1 Texas, 326; Flanagan v. Cushman, 48 Texas, 241.

It is said to be " a natural equity growing out of the sale itself," and follows the land into the hands of subsequent purchasers with notice, actual or constructive.   Senter v. Lambeth, 59 Texas, 259; Joiner v. Perkins, 59 Texas, 300; De Bruhl v. Maas, 54 Texas, 464; Rogers v. Blum, 56 Texas, 1.

It may be waived by express agreement or by implication, as by taking other security.   Parker County v. Sewell, 24 Texas, 238; Burford v. Rosenfield, 37 Texas, 42.   But the taking of other security may be explained, and shown not to be an intention to waive.   Ellis v. Singletary, 45 Texas, 27.   There was no other security in this case.   It could not be inferred as a fact or by implication of law that the promise to pay in something else than money is a waiver.   There is nothing in the promise to pay in goods that would change this part of the obligation.   If the debt be not discharged in goods, it becomes a money demand, and the lien can be enforced as upon a promissory note.   An exchange of lands is no waiver of the lien in case the title to one of the parties fail.   White v. Street, 67 Texas, 177; Claybrooks v. Kelly, 61 Texas, 634.   Nor would it be because the price is to be paid in personal property, or something other than money.   Winters v. Fain, 1 S. W. Rep., 711; Young v. Harris, 36 Ark., 162; 3 Pome. Eq., 1251, note; 50 Texas, 317.

The following paragraph of the court's charge is assigned as error:

"Yet if you believe from the evidence that Botto did buy said lot on the terms stated in the deed in evidence before you, and you believe the defendants wrote the letters in evidence before you, dated respectively August 24 and September 3, which have a signature purporting to be that of defendants, and if you believe further that defendants did not in a reasonable time thereafter repudiate the transaction made between Botto and plaintiff concerning said lot, then the defendants would be said to ratify the transaction, and they would be bound to pay for said lot according to the terms of said agreement by and between plaintiff and said Botto."

Defendants below were merchants in the wholesale saddlery business in St. Louis, Missouri. Plaintiff was a merchant in McGregor, Texas, and was in debt to defendants on account $278.20. One Botto was the travelling salesman of defendants, and was instructed to collect the account. The testimony is not clear that he had any other authority. He called upon Smith for settlement, and it was agreed between them, August 21, 1886, that Smith and wife should deed their homestead to defendants for $1000, the account to pay $278.20 of the consideration, and the balance to be paid in saddlery goods by defendants on the 1st of September following. The deed was duly executed and forwarded to defendants at St. Louis, after being recorded. There is no direct evidence showing that Botto had authority to purchase the lot.

In reply to a letter of Smith to them in reference to the matter, on the 24th of August, defendants Meyer, Bannerman & Co. wrote him as follows:

"DEAR SIR—In reply to your favor of the 24th instant, will say that our J. M. [Meyer] is now absent, and will not likely return until about the 2nd proximo. As soon as he returns he will give your matters immediate attention. He is the only one of our firm who attends to the credit and adjustment of old claims.

"Very truly yours, etc.,

"MEYER, BANNERMAN & Co."

The foregoing is the letter referred to in the court's charge as of date 24th of August; it is, however, dated on the 26th of August, 1886.

The other letter mentioned in the charge, of date September 3, 1886, is as follows:

"ST. LOUIS, September 3, 1886.

"Mr. W. H. Smith, McGregor, Texas:

"DEAR SIR—Our Mr. Meyer, who returned on 28th ultimo, had inquiries made as to the value of the property for which we hold warranty deed from you and wife. We have been unable as yet to obtain any satisfactory information, but will likely receive full particulars within the next two days; when received you will hear from us definitely. It was

not our intention to buy the property, and in making arrangements as Mr. Botto did, is a matter for which we are unable to account. Evidently, Mr. Botto does not know how to arrange such matters. It is such a great distance away, you will see, that to own the property would be placing us to a very great disadvantage. As it appears to be your desire to settle your account with us, why not give us a deed of trust on same, covering amount of your indebtedness, and stipulate that we are to advance you from $300 to $500 worth of goods, payable twelve months after date. The latter matter to be covered by note. In this manner you will secure about the same accommodation as if you would make the sale outright, and yet retain your property, and at the same time receive ample time to discharge your obligations. In making this deal you are absolutely protected against loss, and at the same time we would be much more satisfied than if we had to take the property.

> " Yours very respectfully,
>
> " MEYER, BANNERMAN & Co."

It is claimed by the plaintiffs in error that the court's charge was upon the weight of evidence.

We concur with them in this proposition. Neither of the letters affirmed the act of the agent in making the purchase, and it is not pretended by defendant in error that such was the effect of the letters; the contention is, that the last letter showed the receipt of the deed and the character of the transaction, and that Meyer, Bannerman & Co. were bound to repudiate the purchase in a reasonable time thereafter, or be deemed to have ratified it. A failure to disaffirm the unauthorized act of an agent by the principal in a reasonable time after full knowledge of the facts will sometimes work an estoppel; that is, when the relations of the parties are changed, and innocent third persons are injured by the delay. Mech. on Ag., secs. 153–157.

Mere delay in repudiating will not, in our opinion, have the effect of ratifying. It would be evidence along with other facts from which, if it should be unreasonable, the jury might infer that there was a ratification. The court should not instruct the jury to find a ratification in case of unreasonable delay after notice of the facts, but he should leave the jury free to act upon such fact and to determine from all the facts whether a ratification should be inferred, or whether there was an estoppel. Reese v. Medlock, 27 Texas, 120; Zimpelman v. Keating, 72 Texas, 318; Bank v. Jones, 18 Texas, 811; Ewell's Ev. on Ag., top pp. 90, 91, 92; White v. Langdon, 30 Vt., 599; Peck v. Ritchey, 66 Mo., 114; Pen v. Evans, 28 La. Ann., 576.

In another aspect the court's charge was erroneous. It assumes that the deed furnished full knowledge of the facts, and that the receipt of it was all that was required to put defendants in possession of the facts.

Evidently defendants would have the privilege of ascertaining from any source they desired the value of the land. The value would be to them an important consideration in accepting the deed with its obligations. The charge should not have assumed that the deed was sufficient for this purpose. Etheridge v. Price, 73 Texas, 597.

The eighth assignment of error is: "The court erred in that part of paragraph 6 of the main charge, where it instructed the jury, that 'if defendants delayed an unreasonable time after receiving the deed and writing the letters before mentioned, if they did receive it and write said letter, before notifying plaintiff of their refusal to abide by its terms or to accept said land, then a subsequent refusal would be of no avail.'"

What we have before said is sufficient to show the error in this charge.

Of course, if the jury should find that there was a ratification, any subsequent refusal to ratify would be of no avail. But we think it would have been better to have allowed the jury to form their own conclusion from all the testimony tending to show acquiescence or disaffirmance, on the part of defendants, giving it such weight as they should deem warranted by the circumstances.

We do not think it was proper to instruct the jury to the effect, that if defendants received the deed and intended to hold the same and accept its terms, provided they could secure no more satisfactory arrangement with plaintiff, then they would be bound by such intention, and would be liable according to the terms of the deed.

The question was one of ratification or not, to be decided by the jury, and not whether the deed was conditionally ratified. If there was a ratification, or if the facts warranted the jury in presuming such ratification, their verdict should have been for plaintiff below; if there was not a binding ratification, the verdict should have been for defendants below.

Plaintiffs in error insist that if they signed no memorandum in writing binding them to the terms of the contract, they would not be bound.

This is not correct. If they accepted the deed and the sale to them, they accepted the obligations imposed by it. Ratification of a part of the transaction would be a ratification of it all. Huffman v. Mulkey, 78 Texas, 556.

We are of opinion that the judgment of the court below should be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*

Delivered March 15, 1893.