## DELAWARE PUNCH CO. OF AMERICA v. REINARZ.

### No. 9075.

Court of Civil Appeals of Texas. San Antonio.

May 24, 1933.

Rehearing Denied June 14, 1933.

J. B. Lewright and Chas. F. Guenther, Jr., both of San Antonio, for appellant.

Arnold & Cozby, of San Antonio, for appellee.

MURRAY, Justice.

Robert A. Reinarz, appellee herein, instituted this suit seeking rescission of a contract whereby he had purchased twenty-five units, consisting of twenty-five shares of preferred stock and twenty-five shares of common stock, of the Delaware Punch Company of America, appellant herein.

The jury found in response to special issues propounded to them: That Thomas E. Lyons, president, general manager, and chief executive officer of appellant corporation, represented to appellee that appellant had not issued any "watered stock"; that the old stockholders of the corporation had acquired their stock by paying $100 per unit of one share of preferred and one share of common stock; and that the beverage known as Delaware

Punch contained a particular essential element, and that nobody except the appellant knew how to produce this necessary essential element. The jury further found that such representations were false and induced appellee to purchase the twenty-five shares so purchased by him. These representations were made by Lyons on June 22, 1926, the date on which appellee purchased the stock. Suit was filed February 4, 1931, more than four years after such fraud had been perpetrated upon appellee.

The jury further found that appellee did not discover the fraud prior to February 4, 1929, and that appellee was not guilty of failure to use proper diligence in not sooner discovering the fraud.

The jury having answered all special issues submitted favorably to appellee, the trial court entered judgment rescinding the sale of the stock to appellee and giving him judgment for the purchase price of the same, together with interest.

■ Appellant's first proposition is as follows: "The trial court should have granted the motion of appellant, defendant below, for an instructed verdict herein because there was and is in the record no competent proof that Thomas E. Lyons acted within the scope of his authority as president and director of appellant on June 22, 1926, in making to appellee whatever statements were in fact then made by Lyons to appellee."

We overrule this assignment. Regardless of whether or not Lyons acted within the scope of his authority as president and chief executive officer of appellant corporation in making the false representations to Reinarz, appellant has received and is retaining all of the fruits of this fraud and under such circumstances cannot deny responsibility for such fraud. Meyer v. Smith, 3 Tex. Civ. App. 37, 21 S. W. 995; Allen v. Garrison, 92 Tex. 546, 50 S. W. 335; American Nat. Bank v. Cruger, 91 Tex. 446, 44 S. W. 278; Foix v. Moeller (Tex. Civ. App.) 159 S. W. 1048; Pioneer Sav., etc., Ass'n v. Baumann (Tex. Civ. App.) 58 S. W. 49; Jones v. Chapman (Tex. Civ. App.) 41 S. W. 527; Texas El., etc., Co. v. Mitchell, 7 Tex. Civ. App. 222, 28 S. W. 45; Gulf, etc., Ry. Co. v. Pittman, 4 Tex. Civ. App. 167, 23 S. W. 318; King v. Cliett (Tex. Civ. App.) 31 S.W.(2d) 350, 351; Revised Statutes, art. 4004; C. J. Vol. 27, p. 12.

■ Corpus Juris, vol. 2, p. 483, footnote, is as follows: "The general rule unquestionably is that one, whether an individual or a corporation, who seeks to enforce and derive a benefit from a contract undertaken to be made in his or its behalf by another, must adopt not only the entire contract, but the means by which the contract was procured."
· We think this rule is especially correct where all the defrauded party is asking is rescission of the entire contract.

Furthermore, it appears that Mrs. Bailey was an agent of the company, authorized to sell stock of appellant, and that she was the agent who negotiated the sale to appellee. The evidence is undisputed that Mrs. Bailey referred appellee to Lyons for information and in response to such reference appellee did go to Lyons and there received the information which the jury found was false. ·

Appellant then became liable for the fraudulent misrepresentations made by Lyons. Ruling Case Law, Vol. 12, p. 403; Corpus Juris Vol. 27, p. 11; King v. Shawver (Tex. Civ. App.) 30 S.W.(2d) 930, 932; Foix v. Moeller (Tex. Civ. App.) 159 S. W. 1048, 1052; Shear Co. v. Smith (Tex. Civ. App.) 250 S. W. 727, 731.

■■ Appellant's second and third propositions have to do with the statutes of limitation. The stock transaction was on June 22, 1926. Appellee filed suit February 4, 1931, more than four years after the fraud was perpetrated upon him. However, the jury found that appellant, through its president, was guilty of acts and conduct which concealed from appellee the fraud of which he was a victim and lulled him into a sense of security. Under such state of facts, limitation would not begin to run until the fraud was discovered or until same should have been discovered by the use of reasonable diligence. These propositions are overruled. Corpus Juris, p. 939, § 309.

■ Appellant, by its fourth assignment, complains that appellee did not prove the extent of the authority of Lyons as its president and general manager, and therefore the company would not be bound by the acts of Lyons in concealing the fraud from appellee. The undisputed evidence showed that Lyons was a director of the corporation, its general manager, president, and chief executive officer. Appellee had been referred to Lyons by the lady who sold him the stock. Appellee had received a letter bearing the name of appellant, signed by Lyons as its president, containing, among other suggestions, the following: "Suggest consulting officer of the Company before closing any such transaction" (that is before selling any of appellee's stock). It was natural that a stockholder would go to the president and general manager of the company to secure information about his stock, and under such circumstances a relation of confidence and trust exists which demands that such officer not mislead the stockholder; either he must say nothing or tell all. It is pointed out that appellee might have consulted the books of the corporation. The evidence shows that the books had been plugged with fictitious assets which would have misled appellee, even if he had gone to the books. He was lulled into a sense of security by the statements of the president and general manager of the corporation and thus did

not discover the fraud. Under such circumstances the corporation would· be charged with responsibility for the acts and conduct of its president, and the statutes of limitation would be tolled by such acts and conduct.

Appellant's fifth, sixth, and seventh propositions are overruled for reasons already stated.

Appellant's second, third, fourth, and fifth assignments of error present in various ways the complaint that there was no jury finding to the effect that Lyons was authorized or acted within the scope of his authority when he made the misrepresentations to appellee. Such finding was unnecessary. As stated before, this is a suit for rescission. The corporation is attempting to retain the fruits of the fraud, and it cannot do so without accepting responsibility for the means and methods that produced the fraudulent contract. Furthermore, Mrs. Bailey, who was a duly authorized stock saleswoman for the corporation, referred appellee to Lyons for information, and in this way the corporation became responsible for the misrepresentations of Lyons.

Appellant complains in its sixth, seventh, and eighth assignments that there is no jury finding to the effect that there was no market value of the stock in San Antonio at the time appellee purchased same. As this is not a suit for damages, but for rescission, and as the evidence shows and the jury has found that the stock bought by appellee for $100 per unit was actually worth only $5 per unit, the question of market value is immaterial, and the fraud which vitiates the contract of purchase is amply shown by the evidence. The fact that the public might have·been paying the same price as appellee for this almost worthless stock would be of no importance when it is thoroughly demonstrated that the actual value of the stock was almost nothing.

The judgment of the trial court is affirmed.