Edward E. KOVER, Appellant (Plaintiff below),

v.

Robert A. HUFSMITH, Appellee (Defendant below).

No. 4030.

Supreme Court of Wyoming.

May 12, 1972.

Vincent A. Ross, Cheyenne, for appellant.

G. J. Cardine, of Cardine & Vlastos, Casper, for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN, and GUTHRIE, JJ.

Mr. Justice GUTHRIE delivered the opinion of the court.

Plaintiff below, appellant here, filed a complaint alleging that in January 1968 he had hired defendant as his attorney to perform certain services, briefly stated as follows: To receive in trust and distribute $7000 pursuant to authorization and instructions; to form a Wyoming corporation with plaintiff, his attorney, Paul Noel, and James Mercill as directors, officers, and shareholders; to secure proper execution of a contract between these three above-mentioned persons pertaining to the operation prior to the distribution of the trust funds; and to execute in recordable form, as attorney in fact for Frank Galey, a transfer of an agreement under which Mercill held the lease to certain premises to be used by the corporation. Plaintiff complained that defendant had breached this agreement by negligently failing to diligently perform his obligations and that defendant had distributed the $7000 received by him in trust without proper authorization.

Defendant answered by admitting receipt of $7250 and alleged that he retained $250 as his attorney fee and paid the balance according to instructions of the plaintiff, his agent, and employee.

The court below granted summary judgment in favor of defendant and from this ruling appellant appeals. The motion for summary judgment was based upon the affidavit of defendant to which numerous exhibits were attached, an affidavit of James Mercill, and the deposition of plaintiff. Plaintiff filed a rather lengthy affidavit of Paul Noel in opposition to the motion. No attempt will be made to summarize or detail these except insofar as they are deemed directly applicable to the question herein presented. It is not the purpose of such a motion to decide the facts but to determine if any real issue exists, Western Standard Uranium Company v. Thurston, Wyo., 355 P.2d 377, 379–380.

The affidavit of Noel directly contradicts the affidavit of defendant, appellee herein, as to a claimed authorization given by Noel as plaintiff's attorney on January 17, 1968, and appellee conceded at the time of argument that if the question of appellee's authorization were material that a conflict did exist. It is asserted that this conflict is not material because appellant later, on March 30, 1968, was notified and

assented to all payments made by appellee, which constituted a ratification or waiver of plaintiff's present claims. Hufsmith's affidavit states that at the time of this meeting the expenditure of the sum of $7250 was discussed and that defendant was duly and completely informed of the final payment on the Cat-A-Gator, a snow machine to be used in the operation, and the amount and purpose of each expenditure and approval of the same.

Noel, who was present at the March meeting, by his affidavit asserts that "affiant and Kover were not informed as to the exact manner in which Defendant distributed the $7,250.00 until after affiant and Kover rescinded and requested Defendant to return the $7,250.00." He further denies the articles of incorporation for the proposed corporation were drawn until after rescission, which creates a conflict. Reliance is placed upon the deposition of plaintiff wherein he states he knew the money had been spent prior to the meeting, which is the first time he had ever seen or talked to defendant, and even then he was ready to proceed conditionally. The running theme of the deposition is that he wanted to get "the show on the road." This could well be, and we think the inference is available from reading the entire deposition that plaintiff meant completion of the corporate structure and proper assignment of the property, including the agreement under which Mercill held the premises on which would be located the proposed operation, and transfer of the operating equipment. No place in the deposition does he state or admit that the separate items of expenditure were ever stated or explained to him.

■ Defendant in a matter of this character has a definite burden to clearly demonstrate there is no genuine issue of material fact, Mealey v. City of Laramie, Wyo., 472 P.2d 787, 792, 485 P.2d 1019, appeal dismissed 404 U.S. 931, 92 S.Ct. 282, 30 L.Ed.2d 245, and unless this is clearly demonstrated no such judgment should be granted, Forbes Co. v. MacNeel, Wyo., 382 P.2d 56. Defendant further has a definite burden of proof, having asserted ratification, McConnell v. Dixon, 68 Wyo. 301, 233 P.2d 877, 891. Included in this burden is proof that the principal had full and complete knowledge of all the material facts of the transactions, Farmers' State Bank of Riverton v. Haun, 30 Wyo. 322, 222 P. 45, 53, rehearing denied 31 Wyo. 201, 224 P. 856; McConnell v. Dixon, supra, 233 P.2d at 891–892; and in addition thereto that the principal intended to ratify the acts and transactions of his agent, McConnell v. Dixon, supra, 233 P.2d at 891. Defendant relies upon certain authority (Yahola Sand & Gravel Company v. Marx, Okl., 358 P.2d 366; Restatement (Second), Agency 2d, § 94, p. 165 (1958) ) that a client must be held to have ratified his attorney's act unless he repudiates it promptly upon receiving knowledge of it. The cited case, however, involved the rights of a third party. Here the ratification is asserted between the principal and agent. This court has heretofore said, McConnell v. Dixon, supra, 233 P.2d at 892:

"* * * 'We commend the expression of Mr. Justice Collard in Meyer v. Smith (3 Tex.Civ.App. 37, 21 S.W. 995, 997): "Mere delay in repudiating will not, in our opinion, have the effect of ratifying. It would be evidence, along with other facts, from which if it should be unreasonable, the jury might infer that there was a ratification." ' In 2 C.J. 510 it is said that: 'as a general rule mere silence or delay will not be conclusive of ratification unless the rights of innocent third persons have been prejudiced thereby.' See also 2 C.J.S. Agency § 57, p. 1127. * * * 'This principle has not always been distinctly or expressly announced by the courts, but we think that it will be found that, in almost every well-considered case in which it has been held that there was an implied ratification by silent and merely passive acquiescence, the facts brought the case within the rule substantially as we have stated it.' "

The record herein reveals at most a conditional ratification, i. e., conditioned that the defendant complete the work of the corporate organization. This is not consistent with an unconditional ratification. The record considered in light of Noel's affidavit and the deposition of plaintiff does reveal a conflict of evidence as to whether plaintiff knew all the material facts and circumstances as to expenditures made by defendant from the money entrusted to him. The record further contains a dispute of material fact as to the performance of the agreed and required legal services, which must be resolved by a trial.

Defendant occupies a dual position in this case, first as attorney and second as fiduciary or trustee. He had the duty to diligently and properly perform as such attorney, and as a trustee he is certainly liable to and has a duty to account, 90 C.J.S. Trusts § 377, p. 682. Defendant agrees that he occupies a fiduciary capacity. In his affidavit he states that in his opinion he held in trust all the property and assets of the business to be assigned to the corporation. He obviously made no assignment to the corporation which he did not form. Defendant also undertook, and there appears to be no contradiction of this, to secure and deliver as attorney in fact for Galey approval of the assignment of the Premises and Business Operation Agreement which covered the premises upon which the proposed business would operate. This certainly must have potential asset value. No accounting of any of these assets appears in this record or is even suggested by defendant. The necessity of this is indicated by his own affidavit. It is therefore our opinion that there are conflicts of evidence upon genuine issues of material facts in this matter which necessitated trial. The case is therefore reversed and remanded for trial.