## STALLINGS v. MOORE.
### No. 12972.

Court of Civil Appeals of Texas. Fort Worth.

April 20, 1934.

Rehearing Denied June 1, 1934.

R. C. Fuller, W. M. Short, and James E. Whitmore, all of Fort Worth, for appellant.

Robert B. Violette and Lawrence Tarlton, both of Fort Worth, for appellee.

DUNKLIN, Chief Justice.

Testimony of the defendant was sufficient to require the court to submit to the jury the defense pleaded of false and fraudulent representations inducing him to execute the contract. According to his testimony the alleged misrepresentations on which he relied were of the quality and fitness of the machine sold and concerning which defendant was wholly ignorant, and a finding of the jury in defendant's favor thereon would have supported the defense of failure of consideration, either in whole or in part. 10 Tex. Jur. pp. 153, 154, §§ 90–91; 6 Tex. Jur. p. 963, § 283, and decisions there cited; 24 R. C. L. pp. 333, 334, §§ 621, 622; American Nat. Bank v. Cruger, 91 Tex. 446, 44 S. W. 278. Especially so since the evidence showed that plaintiff has taken back the machine upon defendant's complaint that it was not of the quality represented, and that, too, after plaintiff had made repeated efforts to remedy its defects. 10 Tex. Jur. p. 393, § 223; 24 Tex. Jur. p. 276, § 555; 66 C. J. p. 1379; 2 Black on Rescission and Cancellation, §§ 417, 528, 531, 535.

And the result of such misrepresentations would be the same, regardless of the motives of plaintiff's agent in making them. 20 Tex. Jur. p. 42, § 23, and p. 44, § 24; also p. 83, § 50.

And plaintiff would be bound by such misrepresentations of the agent even in the absence of authority from him to make them; and defendant could, at his option, elect to rescind the contract or claim damages for the fraud. Delaware Punch Co. v. Reinarz (Tex. Civ. App.) 61 S.W.(2d) 135. writ of error refused; Reed v. Hester, 44 S.W.(2d) 1107 (Tex. Com. App.); Carson v. Taylor (Tex. Civ. App.) 238 S. W. 261.

For the error in the action of the court in granting plaintiff's motion for an instructed verdict for plaintiff, thus depriving defendant of the right to a trial by the jury of the defense pleaded, the judgment of the trial court is reversed, and the cause is remanded.