James E. FAVORS et al., Appellants,

v.

Paul E. YAFFE, Appellee.

No. A2440.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Aug. 6, 1980.

Rehearing Denied Sept. 10, 1980.

Kenneth W. Lewis, Mehaffy, Lewis & Garcia, Beaumont, for appellants.

William A. Petersen, Jr., Lapin, Totz & Mayer, Houston, for appellee.

Before BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

JUNELL, Justice.

Appellee Paul E. Yaffe, plaintiff in the court below, sued James E. Favors and his wife, Zoe W. Favors, on a promissory note. The note had been sold and assigned to

Yaffe by the original payee, against whom the Favors alleged the defense of fraud in the inducement. Yaffe claimed the status of holder in due course of the note. A jury trial resulted in a verdict favorable to defendants. The trial court granted Yaffe's motion for judgment notwithstanding the verdict and rendered judgment for Yaffe in the amount due on the note. Favors and wife appeal contending that the alleged fraud perpetrated upon them by the original payee, as shown by the evidence and found by the jury, precludes Yaffe from becoming a holder in due course and, thus, the judgment n. o. v. was improper. We affirm.

In October, 1971, the Favors were in New Orleans, Louisiana, when they were approached by a person promoting the sale of land in Arizona. The salesman represented to the Favors that the land could be purchased with a money back guarantee whereby the vendor, Cochise College Park, Inc., would refund the total purchase price to the Favors if, upon their on–site inspection of the property in Arizona, they wished to back out. Mr. Favors testified that upon that representation he and his wife purchased the property. On October 27, 1971, they executed a deed of trust to Cochise College Park, Inc., and a promissory note in the face amount of $4,844.28 payable in 84 monthly installments. On the same date the Cochise representative, James Martin, executed and delivered to the Favors the "Money Back Guarantee And Exchange Privilege" which was good for six months as long as the mortgage was not in default. Favors testified that in January or February of 1972 he and his wife traveled to Arizona to inspect the property in order to exercise the refund provision and get their money back. Favors testified that the representative then offered to extend the "Money Back Guarantee" for another year and to try to sell their tract and share the profit with the Favors, to which they agreed and continued making the monthly payments.

Unknown to the Favors Cochise had sold and assigned their promissory note to Paul Yaffe on November 8, 1971, twelve days after the purchase. Yaffe testified that he had purchased two notes from Cochise at a discount for an investment through an investment broker in his hometown, Cleveland, Ohio. He stated that at the time of purchase he had seen no documents other than the note and the mortgage, had no knowledge of any money back guarantee and would not have purchased the notes had he been aware of it. He testified that he had no knowledge of any default, dishonor, claim or defense against the note, and that he had purchased it for value and in good faith. The Favors were informed that Cochise was in bankruptcy and made a refund demand on the bankruptcy court in January, 1973. They continued making payments on the note until April, 1973. In March, 1974, Yaffe began his collection efforts from which this suit resulted.

Every note holder is presumed to be a holder in due course of the instrument absent evidence to the contrary. *Couch v. Babb*, 423 S.W.2d 464 (Tex.Civ.App.–Beaumont 1968, writ ref'd n. r. e.). A holder in due course of a negotiable instrument is a holder who takes the instrument for value, in good faith and without notice of any dishonor, default, defense or claim to it on the part of any person. Tex.Bus. & Com. Code Ann. § 3.302 (Tex. UCC 1968). A holder in due course takes the instrument free from all claims and all defenses of any party to the instrument with whom he has not dealt except, among other exceptions here not relevant, such misrepresentation as has induced the maker to sign the instrument without knowledge of, or opportunity to discover, its character or its essential terms. Tex.Bus. & Com.Code Ann. § 3.305 (Tex. UCC 1968). When the signatures on an instrument are admitted, the production of the instrument entitles the holder to recover on it unless the defendant establishes a defense. Tex.Bus. & Com.Code Ann. § 3.307(b) (Tex. UCC 1968). Thus, Yaffe is presumed to be a holder in due course of the note absent proof to destroy that status. He is entitled to recover on the note if the Favors produced no proof to negate the existence of the elements set out in section 3.302.

The misrepresentation inducing the maker to sign, of which the Code speaks in section 3.305 above, is not present in this case. There was no testimony, and the Favors never claimed, that they signed the promissory note thinking that it was some other type of document or that they did not understand its terms. That type of misrepresentation is the only one in which the subsequent transfer of the note to a holder in due course would not protect the new holder from a fraud defense. It is not present here, thus, Yaffe took the instrument free of any other defense of fraud if he is a holder in due course.

In order to overcome the holder's claim of good faith taking, the defendant would have to show that the purchaser had actual knowledge of facts and circumstances which would amount to bad faith. *First State Bank & Trust Co. of Edinburg v. George*, 519 S.W.2d 198 (Tex.Civ.App.--Corpus Christi 1974, writ ref'd n. r. e.). Even if the defendant proved that the purchaser had knowledge of the fact that the note was signed and returned for an executory promise, or accompanied by a separate agreement, unless the defendant could show that the purchaser had notice that a claim or defense had arisen from the terms thereof, such knowledge by the purchaser is not "notice of a defense or claim" under the Code. Tex.Bus. & Com.Code Ann. § 3.304(d)(2) (Tex. UCC 1968).

After the defendant shows that a defense to the note exists, the person claiming holder in due course status has the burden to establish that he is in all respects a holder in due course. Tex.Bus. & Com. Code Ann. § 3.307(c) (Tex. UCC 1968). Thus, when the Favors raised the defense of fraud, Yaffe was obliged to go forward with proof to establish that he is a holder in due course. Upon establishing himself as such, that status shelters him from any defense to the note which the Favors could otherwise successfully assert against a holder who is not a holder in due course.

The statement of facts from the trial below reflects that Yaffe testified unequivocally regarding his holder in due course status. Under cross examination he never deviated from his statements of good faith taking for value, producing the cancelled check with which he purchased the notes. Though his unfamiliarity with the technical terminology was demonstrated, his testimony was clear, direct and not contradicted. The Favors' proof was only to the issue of the fraud in the inducement defense; they offered no proof to assail Yaffe's status as a holder in due course.

The Texas Supreme Court has held that a directed verdict can be proper based on the uncontradicted testimony of a party to the lawsuit when reasonable minds can draw only one conclusion from the evidence. The court in *Collora v. Navarro*, 574 S.W.2d 65 (Tex.1978), held that in that situation it is the duty of the appellate court to determine whether there is any evidence of probative force to raise fact issues on the material questions presented.

We hold that because the Favors did not contradict Yaffe's testimony, and because Yaffe's testimony is clear, direct and positive on the relevant details of the transaction, there was no evidence of probative force to raise a fact issue on holder in due course status which required jury determination. It is only in this situation, when a directed verdict would have been proper, that the granting of a motion for judgment n. o. v. can be upheld. *Douglass v. Panama, Inc.*, 504 S.W.2d 776 (Tex.1974). Thus, the trial court did not err in entering judgment for Yaffe, the holder in due course, notwithstanding the jury's failure to find that Yaffe was a holder in due course.

All of appellants' other points are overruled; the judgment is affirmed.