JONWILCO, INC., Appellant,

v.

C.I.T. FINANCIAL SERVICES, Appellee.

No. C14–82–653CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 27, 1983.

Gerald A. Linder, Shults, Hetherington & Linder, Houston, for appellant.

R. Paxton Lowery, Patterson, Boyd, Lowery & Aderhlot, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

SEARS, Justice.

This is an appeal from a summary judgment in the principal amount of $7,228.16, $1,360.48 in interest and $1,288.30 in attorney fees. We affirm.

This appeal focuses on the defenses available to a debtor against an assignee and holder in due course of the secured party's promissory note.

In 1976, Appellant purchased an air compressor from Gaedcke Equipment Company. Gaedcke allegedly represented that it was a new air compressor with a diesel engine which had been in use for just a short period of time. After nearly two years of use the compressor failed and it was taken in for repairs. Appellant learned at this time that the engine was a rebuilt 1962 Cummins diesel engine. Appellant then contacted Appellee who refused to repair the engine or refinance the loan. Appellant stopped making payments on the note, and Appellee filed suit shortly thereafter.

In its three-part single point of error, Appellant argues that the Motion for Summary Judgment should have been denied because Appellee, after Appellant brought forth the defenses of fraud/misrepresentation and failure of consideration, failed to establish that it was a holder in due course. Appellant relies on language in *Favors v. Yaffe,* 605 S.W.2d 342, 345 (Tex. Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.), for the proposition that after Appellant establishes a defense to the note Appellant must prove that it is a holder in due course. Specifically, Appellant asserts that the language in the affidavit establishing Appellee's status as a holder in due course, i.e., "C.I.T. Financial Services is the present owner and holder of the security agreement," is conclusionary and will not support a summary judgment. Appellant correctly argues that a legal conclusion cannot form the basis of a summary judgment. *Hidalgo v. Surety Savings & Loan Ass'n.,* 487 S.W.2d 702, 703 (Tex.1972). However, our supreme court has held that such language is not conclusionary and is sufficient to establish holder in due course status upon which summary judgment can be based. *Life Insurance Co. v. Gar-Del, Inc.,* 570 S.W.2d 378, 381 (Tex.1978) (language "plaintiff 'is the sole owner and holder of the note'" is sufficient to establish holder in due course status). *See also, Ecurie Cerveza Racing Team, Inc. v. Texas Commerce Bank—Southeast,* 633 S.W.2d 574,

575 (Tex.App.—Houston [14th Dist.] 1982, no writ) (language "appellee is the 'owner and holder of each of the promissory notes and is presently in possession of the notes'" is sufficient to establish holder in due course status). Furthermore, it is unnecessary for the holder of a note to specifically plead and prove the requirements of TEX. BUS. & COMM.CODE ANN. § 3.302 (TEX. UCC) (Vernon 1968), to establish holder in due course status, because a note holder is presumed to be in due course absent evidence to the contrary. *Favors,* 605 S.W.2d at 343. No evidence to the contrary was presented in this case; therefore, the presumption stands.

■ Appellant also alleged that Appellee's oral misrepresentations as to the age and condition of the diesel engine fraudulently induced it to sign the note. This allegation provides no relief for Appellant, even if it is true. TEX.BUS. & COMM. CODE ANN. § 3.305 (TEX.UCC) (Vernon 1968), states in pertinent part:

§ 3.305. Rights of a Holder in Due Course To the extent that a holder is a holder in due course he takes the instrument free from

. . . . .

(b) All defenses of any party to the instrument with whom the holder has not dealt except

. . . . .

(3) such misrepresentations as induced the party to sign the instrument with neither knowledge nor reasonable opportunity to obtain knowledge of its character or its essential terms: . . .

The misrepresentation contemplated by § 3.305 is described in comment 7 (TEX. UCC) (Vernon 1964), as a situation in which the dealer has been duped into signing a note thinking that it was some other type of instrument or misunderstanding the essential terms of the note. These types of misrepresentations are the only ones which will allow a debtor to avoid a note held by a holder in due course on the ground of misrepresentation. *Favors,* 605 S.W.2d at 345.

This type of misrepresentation is not present in this case.

■ Finally, Appellant urges the defense of failure of consideration. Appellant relies on *Stallings v. Moore,* 73 S.W.2d 562 (Tex. Civ.App.—Fort Worth 1934, writ dism'd), for its argument that the question of failure of consideration is one of fact and that a jury should have been allowed to determine this issue. We find this point to be without merit. First, this is a personal defense which is ineffective against a holder in due course. *See* TEX.BUS. & COMM. CODE ANN. § 3.306 (TEX.UCC) (Vernon 1968). Second, Appellant waived this defense in the "waiver of defense" clause in the note. The pertinent language, patterned after TEX.BUS. & COMM.CODE ANN. § 9.206 (TEX.UCC) (Vernon Supp. 1982–1983) stated:

[a]fter assignment of this security agreement: secured party shall not be the assignee's agent for any purpose; debtor will settle all claims, defenses, set offs and counterclaims it may have against the secured party directly with the secured party, and not set up any thereof against secured party's assignee, secured party hereby agreeing to remain responsible therefor . . .

We agree with the trial court in its finding that there was no genuine dispute of any material fact and that judgment should be rendered for Appellee as a matter of law. *Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41 (Tex.1965); TEX.R.CIV.P. 166–A. We overrule Appellant's point of error.

The judgment of the trial court is affirmed.