**Reversed and Rendered in part and Reversed and Remanded in part and Majority and Dissenting Opinions filed March 27, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00080-CV

---

### RR MALOAN INVESTMENTS, INC., Appellant

### V.

### NEW HGE, INC., Appellee

---

**On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 1011775**

---

## M A J O R I T Y   O P I N I O N

A check cashing service, RR Maloan Investments, Inc. sued New Houston Gold Exchange, Inc. to recover on a post-dated check upon which Houston Gold Exchange stopped payment. The trial court signed a judgment in favor of Houston Gold Exchange, and RR Maloan appealed. We reverse the trial court's judgment; render judgment in favor of RR Maloan for the amount of the check; and remand to the trial court for computation of interest and court costs.

BACKGROUND

On September 23, 2011, Houston Gold Exchange issued a $3,500 check as payor to Shelly McKee as payee to buy a purported Rolex watch from her. The check was post-dated September 26, 2011. McKee properly endorsed the check and presented it to RR Maloan, which cashed the check for her on September 24, 2011. On September 24, 2011, Houston Gold Exchange issued a stop payment order on the check based on information that the watch was counterfeit. RR Maloan presented the check to Houston Gold Exchange's bank for payment. Houston Gold Exchange's bank refused to honor the check based on the stop payment order.

RR Maloan sued Houston Gold Exchange in small claims court to collect on the check. RR Maloan filed a "Statement of Claim" asserting that it was a holder in due course entitled to collect on the check. Houston Gold Exchange responded by filing a letter detailing Houston Gold Exchange's account of the transaction and stating that the company placed a stop payment upon the check when it realized the watch was counterfeit. Houston Gold Exchange was not present on the appearance date, and the small claims court signed a default judgment in RR Maloan's favor.

Houston Gold Exchange appealed to the County Court at Law and filed a general denial. Following a bench trial, the trial court signed a take-nothing judgment in favor of Houston Gold Exchange on September 27, 2012. RR Maloan filed a motion for new trial or for reconsideration, in which it argued: (1) the court erred in failing to hold that RR Maloan was a holder in due course; (2) Houston Gold Exchange's defenses are inapplicable to RR Maloan and should be asserted against McKee; and (3) Houston Gold Exchange failed to plead or prove fraud on the part of RR Maloan. The motion for new trial or reconsideration was overruled by operation of law. This appeal followed.

ANALYSIS

In one issue on appeal, RR Maloan challenges the trial court's failure to grant its post-trial motion and render judgment in favor of RR Maloan. We construe RR Maloan's argument to assert that the trial court erred by failing to find it was a holder in due course, and that no defenses apply to bar its recovery as a holder in due course. At trial, Houston Gold Exchange argued that RR Maloan was not a holder in due course because the check was not a negotiable instrument. On appeal, Houston Gold Exchange alternatively argues that the defenses of fraud and illegality bar RR Maloan from collecting on the check even if RR Maloan was a holder in due course.

## I.    Standard of Review

When no findings of fact are filed, as here, the reviewing court implies all necessary findings to support the judgment. *Reservoir Sys., Inc. v. TGS-NOPEC Geophysical Co.,* 335 S.W.3d 297, 303 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). Implied findings of fact are reviewable for legal sufficiency of the evidence by the same standards as applied in reviewing the sufficiency of the evidence supporting a jury's findings or a trial court's findings. *See Harris Cnty. Hosp. Dist. v. Textac Partners I*, 257 S.W.3d 303, 311 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Curtis v. Comm'n for Lawyer Discipline,* 20 S.W.3d 227, 231 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

Evidence is legally insufficient if: (1) there is a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005).

We review the evidence in the light most favorable to the trial court's findings and assume that the court resolved all conflicts in accordance with its judgment. *See id.* at 820. We credit evidence favorable to the trial court's findings if reasonable factfinders could, and we disregard contrary evidence unless reasonable factfinders could not. *See id.* at 827. The ultimate test is whether the evidence at trial would enable reasonable and fair-minded people to reach the finding under review. *Id.*

RR Maloan filed a motion for reconsideration, which stated: "Plaintiff requests the court to reconsider its judgment and conform such judgment consistent with the facts and law presented to the court; or alternatively, requests a new trial." We construe this as a request for rendition of judgment in RR Maloan's favor because the evidence at trial conclusively establishes its right to receive payment on the disputed check.

## II.    Holder in Due Course

The holder of a negotiable instrument is a holder in due course if the holder takes the instrument: (1) for value; (2) in good faith; and (3) without notice of any claim or defense to the instrument. Tex. Bus. & Com. Code Ann. § 3.302(a)(2) (Vernon 2002).

At trial, Houston Gold Exchange argued that the check at issue was not a negotiable instrument because it was post-dated. We reject this contention because the negotiability of a check is not affected by post-dating. *See* Tex. Bus. & Com. Code Ann. § 3.113; *First Nat'l Bank of Trinity, Tex. v. McKay*, 521 S.W.2d 661, 664 (Tex. Civ. App.—Houston [1st Dist.] 1975, no writ).[1]

---

[1] The former version of section 3.113 of the Texas Business and Commerce Code stated: "The negotiability of an instrument is not affected by the fact that it is undated, antedated or postdated." Act of May 24, 1967, 60th Leg., R.S., ch. 785, § 3.114, 1967 Tex. Gen. Laws 2343,

4

A holder is presumed to be a holder in due course unless there is evidence to the contrary. *Williams v. Stansbury*, 649 S.W.2d 293, 295 (Tex. 1983); *Max Duncan Family Invs., Ltd. v. NTFN Inc.*, 267 S.W.3d 447, 452 (Tex. App.—Dallas 2008, pet. denied). "A holder in due course takes the instrument free from all claims and all defenses of any party to the instrument with whom he has not dealt" unless a defense that bars recovery by a holder in due course applies. *Favors v. Yaffe*, 605 S.W.2d 342, 344 (Tex. Civ. App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.); Tex. Bus. & Com. Code Ann. §3.305(b) (Vernon Supp. 2013). When the signatures on a check are admitted, as they are here, production of the check entitles the holder to recover on it unless the defendant establishes a defense. *See Favors*, 605 S.W.2d at 344; Tex. Bus. & Com. Code Ann. § 3.308(b) (Vernon 2002).

The evidence adduced at trial conclusively establishes that RR Maloan was a holder in due course. *See* Tex. Bus. & Com. Code Ann. § 3.302(a).

Under section 3.302(a)(1), a holder of an instrument is a holder in due course if "the instrument when issued or negotiated to the holder does not bear such apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call into question its authenticity." *Id.* No evidence in this record suggests that the check was forged, altered, or not authentic.

There is no dispute on this record that RR Maloan took the check "for value" as required under section 3.302(a)(2)(A).[2]

---

2414 (amended 1995) (current version at Tex. Bus. & Com. Code Ann. §3.113 (Vernon 2002)). The comment to section 3.113 explains that this language was deleted as unnecessary. Tex. Bus. & Com. Code Ann. § 3.113 cmt. (Vernon 2002). The relevant portion of the current version states: "An instrument may be antedated or post-dated. The date stated determines the time of payment if the instrument is payable at a fixed period after date." *Id. McKay* applies the former version of the statute.

[2] Houston Gold Exchange does not contend that RR Maloan's holder in due course status

With respect to good faith under section 1.201(b)(20), "good faith" is defined as "honesty in fact and the observance of reasonable commercial standards of fair dealing." Tex. Bus. & Com. Code Ann. §1.201(b)(20) (Vernon 2009). The record here conclusively establishes RR Maloan's good faith as that concept is defined for these purposes in the statute.

RR Maloan's owner testified that the company is a check cashing business. The owner testified that an employee of RR Maloan took Houston Gold Exchange's check from McKee in exchange for cash in the normal course of business. The owner testified that at the time the check was taken, he did not have knowledge that the purported Rolex watch was not authentic and did not have knowledge of any claims or defenses to the check. *See Jones v. Mo. Sav. Ass'n*, 756 S.W.2d 423, 425 (Tex. App.—Dallas, 1988 no pet.) ("The test for 'good faith' is whether the purchaser had actual knowledge of facts and circumstances amounting to bad faith."). No evidence was presented that the owner or any employee of RR Maloan had knowledge at the time the check was accepted that the watch was not authentic.

As for "reasonable commercial standards," Texas law holds that knowledge of post-dating by itself does not (1) give notice of a defense or claim; or (2) impose a duty to "make any investigation to ascertain whether or not the maker had any defenses which would have justified him in refusing to pay the payee." *McKay*, 521 S.W.2d at 663. Because the fact of post-dating did not impose a duty on RR Maloan to investigate the surrounding circumstances, Houston Gold Exchange cannot establish that RR Maloan failed to observe "reasonable commercial standards of fair dealing" by failing to investigate based on the post-dating of the check. *See id.*

is defeated by subsections (C), (D), or (E) of section 3.302(a)(2).

6

The dissenting opinion urges a contrary conclusion because *McKay* predicated its no-duty-to-investigate determination on former section 3.304(d)(1), which stated: "Knowledge of the following facts does not of itself give the purchaser notice of a defense or claim . . . that the instrument is antedated or postdated . . . . " Act of May 24, 1967, 60th Leg., R.S., ch. 785, § 3.304(d)(1), 1967 Tex. Gen. Laws 2343, 2421 (amended 1995) (current version at Tex. Bus. & Com. Code Ann. §3.302 (Vernon 2002)). Former section 3.304(d)(1) was deleted as part of a wholesale revamp of Article 3 and other provisions in 1995. The dissent contends that, notwithstanding *McKay*, this deletion means that Texas law does indeed impose a duty to investigate a post-dated check.

We reject this contention because the dissent points to nothing in the statutory language of current Article 3, the case law, the legislative history, or in legal commentary indicating that (1) the policy reflected in former section 3.304(d)(1) and *McKay* has ceased to reflect the policy of current Texas law; (2) this policy was perceived by the Texas legislature to be an "evil" in need of correction; (3) the Texas legislature had an identifiable reason for making a substantive change to the policy reflected in former section 3.304(d)(1); (4) any post-1995 provision in Article 3 conflicts with the policy reflected in former section 3.304(d)(1); or (5) settled commercial practices and expectations under these standards should be disturbed. *See Energy Serv. Co. of Bowie, Inc. v. Superior Snubbing Servs., Inc.* 236 S.W.3d 190, 194-95 (Tex. 2007) (Most reasonable construction of individual statutory provision amended during 1989 overhaul of Texas Workers' Compensation Act "is the same as its pre-1989 predecessors" in the absence of "any identifiable reason for a substantive change to have been made in the statutory provision, or any extra-textual indication that one was intended, or any resulting change in industry practice . . . .").

7

The dissent identifies no specific connection to former section 3.304(d)(1)'s policy when the dissent highlights *Southwest Bank v. Information Support Concepts, Inc.*, 149 S.W.3d 104, 105 (Tex. 2004), and the supreme court's general reference to accommodating "modern technologies and practices in payment systems and with respect to negotiable instruments . . . . ." The dissent does not contend that the statutory change here "admitted of but one meaning." *See Energy Serv. Co. of Bowie, Inc.*, 236 S.W.3d at 195 (citing *Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 283-84 (Tex. 1999)). The analysis here as to the deletion of former section 3.304(d)(1) should track the analysis as to the deletion of former section 3.113; as the dissent agrees, the deletion of former section 3.113 does not compel a departure from *McKay*'s 1975 holding that a post-dated check is a negotiable instrument. The same conclusion applies with respect to former section 3.304(d)(1). The analysis here should not rest on the dissent's erroneous conclusion that the policy reflected in former section 3.304(d)(1) was significantly altered by the Texas legislature "a generation ago" – and yet, no one noticed.

In light of this record and the admitted validity of the signatures on the check, production of the check entitled RR Maloan to recover unless Houston Gold Exchange established a viable defense that would defeat holder in due course status. *See* Tex. Bus. & Com. Code Ann. § 3.308(b). An assertion that the sale was conditioned on the watch's authenticity, even if true, does not bar recovery by RR Maloan; there is no evidence that it had knowledge of this asserted fact. *See* Tex. Bus. & Com. Code Ann. §§ 3.302(a), 3.305(b).

## III. Defenses

Houston Gold Exchange contends that RR Maloan's status as a holder in due course is defeated by fraud and illegality.

8

## A. Failure to Plead

As a threshold matter, RR Maloan contends that Houston Gold Exchange cannot rely on its asserted defenses of fraud and illegality because it failed to plead them.

Texas Rule of Civil Procedure 94 requires a party to plead all affirmative defenses. Tex. R. Civ. P. 94; *Hassell Constr. Co. v. Stature Commercial Co.,* 162 S.W.3d 664, 667 (Tex. App.—Houston [14th Dist.] 2005, no pet.). As a general rule, an affirmative defense is waived if the defendant does not specifically plead it. *Hassell Constr. Co.*, 162 S.W.3d at 667. Fraud and illegality are affirmative defenses. *See* Tex. R. Civ. P. 94. Because Houston Gold Exchange failed to plead these defenses, they are waived unless an exception applies. *Id.*

Houston Gold Exchange asserts that two exceptions to the general rule apply. First, Houston Gold Exchange cites *Phillips v. Phillips*, 820 S.W.2d 785, 789 (Tex. 1991), to argue that it was entitled to rely on the defenses of fraud and illegality because they were anticipated by RR Maloan's pleadings. *Phillips* states that "when a plaintiff in his pleadings anticipates defensive matters and pleads them, the defendant may rely upon defenses though his only pleading is a general denial." *Id. Phillips* further explains that "pleading an agreement illegal on its face in effect anticipates the defense." *Id.* Thus, illegality does not need to be specially pled "if the illegal nature of the document to be relied upon or sought to be enforced is apparent from plaintiff's pleadings." *Id.*

Here, RR Maloan pled in its "Statement of Claim" that "[p]laintiff has been made aware that the [defendant] was sold an allegedly fake [R]olex watch by the payee of their stop payment check. This is unproven, but, even if it is true, UCC case law is very clear that fraud by the payee is not a defense against a holder in due course in case after case." Houston Gold Exchange contends that this pleading

9

anticipates the defenses of fraud and illegality. At most, this pleading anticipates a fraud defense. This pleading does not anticipate an illegality defense. Thus, we conclude that Houston Gold Exchange may invoke the defense of fraud on appeal but not the defense of illegality because RR Maloan's "Statement of Claim" put the defense of fraud at issue in the case.

Houston Gold Exchange also argues that the defenses of fraud and illegality were tried by consent.[3] An unpleaded issue may be considered tried by consent when evidence on the issue is developed under circumstances indicating that both parties understood the issue was in the case, and the other party failed to make an appropriate complaint. Tex. R. Civ. P. 67; *Moore v. Altra Energy Techs., Inc.*, 321 S.W.3d 727, 734 (Tex. App.—Houston [14th Dist.] 2010, pet. denied); *Emerson Electric Co. v. Am. Permanent Ware Co.*, 201 S.W.3d 301, 309 (Tex. App.—Dallas 2006, no pet.). Whether an issue was tried by consent is reviewed for abuse of discretion. *Compass Bank v. MFP Fin. Servs., Inc.*, 152 S.W.3d 844, 856 (Tex. App.—Dallas 2005, pet. denied). To determine whether an issue was tried by consent, the reviewing court must examine the record not merely for evidence of the issue, but for evidence of trial of the issue. *Moore*, 321 S.W.3d at 734. A party who allows an issue to be tried by consent and who fails to raise the lack of a pleading before submission of the case cannot later raise the pleading deficiency for the first time on appeal. *See Roark v. Stallworth Oil & Gas, Inc.,* 813 S.W.2d 492, 495 (Tex. 1991).

The issue of illegality arises under a variety of statutes and it accordingly is a matter "left to the local law." *See* Tex. Bus. & Com. Code Ann. § 3.305 cmt. 1. Nevertheless, illegality under section 3.305 defeats a claim of a holder in due

---

[3] Because we conclude Houston Gold Exchange was entitled to invoke the pleaded defense of fraud on appeal, it is unnecessary to address whether the defense of fraud was tried by consent.

course only when an obligation is made "entirely null and void" under "local law." *Id.* If an obligation is merely voidable at the election of the payor, the defense is unavailable against a holder in due course. *Id.* In Texas, the defense of illegality has defeated the claims of holders in due course in cases involving retirement of gambling debts and usury. *See Carnival Leisure Indus., Ltd. v. Aubin*, 53 F.3d 716, 719 (5th Cir. 1995) (Texas public policy bars enforcement of an instrument issued to pay a gambling debt); *Robinson v. Rudy*, 666 S.W.2d 507, 509 (Tex. App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.) ("Usury, of course, is a complete defense whether or not the appellee is a holder in due course.").

At trial, no testimony was elicited regarding the legality of the transaction. RR Maloan's owner testified that it was not apparent from the face of the check that the watch was counterfeit. No objections were made to this testimony. Houston Gold Exchange's owner testified that the watch was not an authentic Rolex. He also testified that Houston Gold Exchange refused to honor the check because the Rolex was not authentic.

This testimony does not support a conclusion that the transaction was entirely null and void on its face. We conclude that the trial court abused its discretion to the extent it found that illegality was tried by consent. Even if the issue had been tried by consent, there is no evidence of illegality that would foreclose RR Maloan from recovering. Thus, Houston Gold Exchange may not rely upon illegality as a defense.

### A. Fraud

Houston Gold Exchange argues on appeal that it was induced to issue the check by McKee's misrepresentation about the watch's authenticity. Houston Gold Exchange maintains that this situation involves "a classic case of fraud as outlined in 3-305(a)(1)."

Section 3.305(a)(1) provides:

(a) Except as otherwise provided in this section, the right to enforce the obligation of a party to pay an instrument is subject to the following:

> (1) a defense of the obligor based on:

>> (A) infancy of the obligor to the extent it is a defense to a simple contract;

>> (B) duress, lack of legal capacity, or illegality of the transaction that, under other law, nullifies the obligation of the obligor;

>> (C) fraud that induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or its essential terms; or

>> (D) discharge of the obligor in insolvency proceedings.

Tex. Bus. & Com. Code Ann. § 3.305(a)(1).

McKee's asserted fraud in selling an allegedly fake Rolex to Houston Gold Exchange does not foreclose RR Maloan's status as a holder in due course or defeat its ability to enforce Houston Gold Exchange's obligation under section 3.305(a)(1). The fraud contemplated by section 3.305(c) addresses a situation in which the maker has been deceived into signing a note based on a misunderstanding that it was some other type of instrument, or a misunderstanding as to the essential terms of the note. *See* Tex. Bus. & Com. Code Ann. § 3.305(c); *Favors*, 605 S.W.2d at 345. Here, there was no testimony that Houston Gold Exchange signed the check based on a misunderstanding about the type of instrument at issue or its terms. Houston Gold Exchange's challenge to the watch's authenticity does not bar RR Maloan from collecting on the check as a holder in due course. *See Favors*, 605 S.W.2d at 345.

Accordingly, we reject Houston Gold Exchange's defense of fraud.

12

## CONCLUSION

After reviewing the record and considering appellee's responses, we determine that the evidence conclusively establishes that RR Maloan was a holder in due course and that Houston Gold Exchange's defenses do not apply. Accordingly, we reverse the trial court's judgment; render judgment in favor of RR Maloan for the amount of the check; and remand to the trial court for computation of interest and court costs.

/s/    William J. Boyce
        Justice

Panel consists of Justices Boyce, Christopher, and Brown. (Christopher, J., dissenting).