# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-14-00505-CV

**Jerry Hofrock, Appellant**

**v.**

**Judy Hornsby, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT
### NO. 253,616-C, HONORABLE GORDON G. ADAMS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Jerry Hofrock appeals from a judgment that rescinded the conveyance of real property to him from Judy Hornsby and awarded her attorney's fees. Representing himself on appeal, Hofrock contends that his trial counsel was ineffective, that the trial court erred by ignoring his difficulty hearing, and that the trial court erred by awarding Hornsby attorney's fees. We will affirm the judgment.

## BACKGROUND

Hornsby owned two adjacent lots of approximately five acres each in Temple. One lot had a house and was encumbered by a mortgage. The unimproved lot she owned outright. Having difficulty making mortgage payments, she contacted Hofrock for help. What they agreed he would do and how they formalized that arrangement was the crux of the dispute in the trial.

Hornsby testified that Hofrock told her he would auction the improved land and that his commission would be whatever exceeded the balance of the mortgage. She said he was to sell the unimproved five acres for $75,000 if the buyer of the improved lot wanted it. She testified that she signed five different signature pages, but did not see the full documents. She testified that Hofrock told her that the signatures were for documents necessary to expedite the sale to the auction buyer, and that signing them in advance would relieve her from having to return from her home in Kentucky to sign them when the sale occurred. She said that she understood references in the documents to the "buyer" to refer to the auction purchaser, not Hofrock. Hornsby testified that Hofrock told her not to make mortgage payments because the sale would take care of that debt. She testified that when she mentioned hiring an attorney to examine the documents, Hofrock told her that would end their agreement. She said that she trusted him and relied on his explanations. She testified that Hofrock did not tell her that the documents to which the signature pages were attached transferred the property to Hofrock, though both special warranty deeds list Hornsby as the grantor and Hofrock, as trustee of a trust named after the property's address, as grantee. These deeds state that Hofrock gave Hornsby a $348,750 promissory note in exchange for the ten-plus acre property, but no such note existed. A separate deed of trust lists Hofrock as the grantor and Hornsby as the grantee. A deed addendum lists Hofrock both as grantor and, as trustee of a trust, grantee. Hornsby testified that Hofrock told her he tried to auction the property in December 2009 but that bad weather dampened turnout and that nobody bid on it. In March 2010, Hornsby returned to the property and began living there despite Hofrock's assertion that he owned the property.

Hofrock testified that he always intended to conduct a short sale and that he explained to Hornsby that her deeding the property to him was part of that process. He denied that

he discussed holding an auction or the nature of his compensation because those things would not concern her after she deeded the property to him. Hofrock denied showing Hornsby only the signature page of the documents. He denied that he told her not to contact an attorney and testified that he let her read the full documents by herself and returned to help explain them. He admitted not giving a promissory note as described in the deed, but explained that one never does that during a short sale. He asserted that he was the owner of the property and that he was cheated out of the money he spent to repair the property[1] and of the profit from selling it. He testified that he was not trying to defraud anyone with mistakes he made in typing in party names on the documents—he had been tired when composing the documents—and that, instead, he had been defrauded.

The mortgage company foreclosed on the mortgage and sold the house and five-acre lot on which it sits.

Hornsby sued Hofrock for fraud, breach of fiduciary duty, unjust enrichment, and trespass to try title. The trial court rendered judgment for her, rescinding all documents purporting to convey any interest in the property from Hornsby to Hofrock. The court awarded Hornsby $13,701.09 in attorney's fees. *See* Tex. Bus. & Com. Code § 27.01.

## DISCUSSION

Hofrock contends that he received ineffective assistance of counsel, that the trial court erred by ignoring his hearing difficulty, and that the trial court erred by awarding attorney's fees.

---

[1] Hofrock testified that he removed five dumpsters full of trash, repaired the pool, and renovated the deck among other repairs.

3

Hofrock has not shown that his counsel's performance entitles him to reversal of the judgment. The Sixth Amendment guarantees the "accused" "[i]n all criminal actions" the right "to have the assistance of counsel for his defence." *See* U.S. Const. amend. VI; *see also Strickland v. Washington*, 466 U.S. 668, 686 (1984). Indigent parents represented by appointed counsel in parental-rights termination cases have a similar right to effective counsel defined by statute. *See In re B.G.*, 317 S.W.3d 250, 253 (Tex. 2010). No such right or protection has been articulated in the constitution, statutes, or case law with respect to persons represented by retained counsel in a real-estate fraud action. Even if Hofrock—who represents himself on appeal—showed that his trial counsel was utterly ineffective, he would not be entitled to reversal of the judgment on that basis. We overrule issue one.

Hofrock has not shown that the court ignored his hearing difficulty. Generally, a party must bring an error to the trial court's attention and receive an adverse ruling before he can present that complaint to an appellate court. *See* Tex. R. App. P. 33.1(a). Hofrock asserts that "[i]t is obvious from the transcript that Appellant has a hearing impairment" and that the trial court violated the Texas Constitution and the Americans With Disabilities Act by "try[ing] him with no listening device" and by "not supplying Appellant with an assistive listening [device]." He asserts that the courtroom is equipped with "assisted hearing devices" but none was offered to him and that the trial court only offered to turn up the volume on speakers. Even in a criminal case in which a trial court is statutorily required to provide a means for a hearing-impaired defendant to understand the proceedings against him,[2] a trial court does not commit error by not providing

---

[2] *See* Tex. Code Crim. Proc. art. 38.31.

accommodations if the defendant does not request an interpreter, object to the absence of an interpreter, or make the court aware that he is not able to understand the trial. *See Lincoln v. State*, 999 S.W.2d 806, 809 (Tex. App.—Austin 1999, no pet.); *see also Salazar v. State*, 93 S.W.3d 339, 341 (Tex. App.—Texarkana 2002, pet. ref'd). Hofrock has not shown in the record that he requested and was denied a listening device or other accommodation. The record in this case is similar to that described in the *Lincoln* opinion:

> On a few occasions during the course of his trial, appellant or his counsel indicated to the court that he was having difficulty hearing. On each occasion, appellant was allowed to move or the speakers repeated themselves to permit appellant to hear. Appellant did not indicate at the time that these arrangements were unsatisfactory. More than once, appellant was addressed by the court and responded appropriately, indicating that he heard and understood what was said. Similarly, appellant twice took the stand and testified without difficulty.
>
> . . . .
>
> While the failure of appellant or his attorney to tell the court earlier that appellant could not hear the proceedings is not a bar to raising the issue on appeal, it is relevant to the question whether the district court knew or should have known that additional remedies were needed. Considering what the district court was told and observed during the trial, we are not persuaded that the court failed to take constitutionally adequate steps to assure that appellant heard and understood the proceedings.

999 S.W.2d at 809-10. A few times, Hofrock asked counsel to repeat a question, and counsel complied. Hofrock does not point to an instance in which the attorney failed to repeat a question or a witness failed to repeat an answer, much less a time when the trial court directed a speaker not to repeat a statement for Hofrock's benefit. The record contains passages in which Hofrock interacted in ways that indicated that he understood other speakers without clarification. Hofrock asserts in his appellate brief that "there were many discrepancies in the testimony of Hornsby and her attorney,

but he did not clearly hear any of the proceedings in the courtroom and therefore could not alert his attorney to the misrepresentations." But he points to no instance in which he notified the trial court of his difficulties and was denied relief, nor does the record demonstrate that the trial court should have been aware that he did not understand the proceedings, nor does Hofrock list discrepancies that went unaddressed that affected the outcome of the case. The trial court cannot be held to have committed error when Hofrock did not alert the trial court to the problem. We overrule issue two.

Hofrock asserts that the trial court erred by awarding attorney's fees. He argues that Hornsby cannot collect attorney's fees under Texas Business and Commerce Code section 27.01 because she did not plead a claim under that statute. He contends that, because there was no contract for the sale of land between the parties involved in this case, section 27.01 does not apply. He contends that Hornsby did not sell her property to him, but simply conveyed it to him as security for his performance of a contract between the two of them for a short sale. He also argues that she did not plead any injury from any misrepresentation. He argues that the property was set for foreclosure before she met him and it was ultimately foreclosed upon, so she was not harmed.

Texas Business and Commerce Code section 27.01(a) defines fraud as follows:

Fraud in a transaction involving real estate or stock in a corporation or joint stock company consists of a

(1) false representation of a past or existing material fact, when the false representation is
    (A) made to a person for the purpose of inducing that person to enter into a contract; and
    (B) relied on by that person in entering into that contract; or
(2) false promise to do an act, when the false promise is
    (A) material;
    (B) made with the intention of not fulfilling it;

6

(C) made to a person for the purpose of inducing that person to enter into a contract; and

(D) relied on by that person in entering into that contract.

The statute provides that "[a]ny person who violates the provisions of this section shall be liable to the person defrauded for reasonable and necessary attorney's fees, expert witness fees, costs for copies of depositions, and costs of court." *Id.* § 27.01(e).

Although Hornsby did not plead for attorney's fees specifically under section 27.01, the issue was raised sufficiently at trial. In her First Amended Petition, Hornsby claimed fraud with respect to a real-estate transaction and sought attorney's fees in her general prayer for relief. Hornsby argues that, because the award of attorney's fees is mandatory under the statute, she was not required to plead for it. *See id.*; *see also Robinson v. Brannon*, 313 S.W.3d 860, 868-69 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (no need to plead for mandatory attorney's fees under Tex. Educ. Code § 22.0517). More critically, the issue was tried by consent. *See* Tex. R. Civ. P. 67. Trial by consent exists in exceptional cases where the record clearly shows that the parties tried the unpleaded issue. *Austin Area Teachers Fed. Credit Union v. First City Bank–Nw. Hills, N.A.*, 825 S.W.2d 795, 800 (Tex. App.—Austin 1992, writ denied). We review whether an issue was tried by consent for an abuse of discretion. *RR Maloan Invs., Inc. v. New HGE, Inc.*, 428 S.W.3d 355, 363 (Tex. App.—Houston [14th Dist.] 2014, no pet.). A party who allows an issue to be tried by consent and who fails to raise the lack of a pleading before submission of the case cannot raise the pleading deficiency for the first time on appeal. *Id.* At trial, Hornsby's attorney expressly stated his belief that she was entitled to attorney's fees "under Business and Commerce Code Section—I think it's 2701." He then elicited evidence supporting the claim for attorney's fees. After the close

7

of evidence, the court stated its belief that Hornsby was not entitled to attorney's fees, and requested explanation in her post-trial submission why she was entitled to them. Hofrock was advised of the basis of the claim at trial before the evidence was adduced but did not object to the lack of pleading at trial. The issue of entitlement to attorney's fees under Texas Business and Commerce Code section 27.01 was tried by consent, and the absence of pleadings cannot be raised here now.

Hofrock's remaining complaints do not merit reversal of the judgment. He complains that Hornsby pleaded no injury, but under the fraud cause-of-action heading, she pleaded that she "suffered damages within the jurisdictional limits of this court by losing a buyer for the Improved Property before the foreclosure, because of the cloud on her title." Hornsby pleaded that her title issues arose because Hofrock knowingly made material and false representations that were intended to and did induce her participation in certain transactions. The facts that Hornsby feared that the property was headed toward foreclosure before she met Hofrock and that it ultimately was foreclosed upon does not mean that Hornsby did not suffer damages due to the misrepresentations she pleaded and testified that Hofrock made. Hofrock's claim that there was no contract between them is contradicted by documents showing that Hornsby transferred the property to him and by testimony from both sides that his representations induced her to retain his services concerning a transaction involving real estate in return for compensation. The parties told different versions of what that contract entailed—whether it was a short sale, an auction, a brokered sale, or a simple conveyance of the property—but both parties testified that they agreed that Hofrock would perform services that would result in a transfer of ownership of Hornsby's real estate. That is a quintessential "transaction involving real estate" and falls under Texas Business and Commerce Code section 27.01. Hornsby pleaded and provided some proof that Hofrock induced her to hire him and

8

engage in the real-estate transactions through false representations intended to induce her to enter the contract and on which she relied in entering the contract. The trial court could have resolved conflicts in the evidence differently, but the record supports its conclusion that Hornsby proved her claim.[3] We overrule Hofrock's third issue.

## CONCLUSION

We affirm the judgment.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Pemberton and Field

Affirmed

Filed: June 3, 2016

---

[3] Although he does not couch it in these terms, aspects of Hofrock's third issue resemble a challenge to the factual sufficiency of the evidence supporting the judgment. When a party brings a factual-sufficiency challenge to a jury finding for which the party did not have the burden of proof, we consider and weigh all of the evidence and set aside the verdict only if the evidence that supports the finding is so weak as to make the verdict clearly wrong and manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986); *see also Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996) (applying same standards to court's factual findings as those used to assess jury verdict).