# NO. 12-19-00246-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KATHERINE MCCARTY,*<br>*APPELLANT* | *§* | *APPEAL FROM THE* |
| *V.* | | |
| *DEUTSCHE BANK NATIONAL*<br>*TRUST COMPANY, AS TRUSTEE, IN*<br>*TRUST FOR REGISTERED HOLDERS*<br>*OF LONG BEACH MORTGAGE LOAN*<br>*TRUST 2003-4, ASSET BACKED*<br>*CERTIFICATES, SERIES 2003-4,* | *§* | *COUNTY COURT AT LAW* |
| *APPELLEE* | *§* | *VAN ZANDT COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Katherine McCarty appeals from an adverse summary judgment in favor of Deutsche Bank National Trust Company, as trustee, in trust for registered holders of Long Beach Mortgage Loan Trust 2003-4, asset backed certificates, series 2003-4 authorizing foreclosure of a lien due to McCarty's default. In two issues, McCarty asserts the evidence does not show that Deutsche Bank is the holder of the note and deed of trust at issue. We affirm.

## BACKGROUND

In 2003, McCarty executed a note, payable to Long Beach Mortgage Company in the amount of $105,600. At the same time, she executed a Texas Home Equity Security Instrument, the deed of trust, naming Long Beach Mortgage Company as beneficiary, securing payment of the debt. Several years later, the deed of trust was assigned to Deutsche Bank. McCarty defaulted on the loan by failing to make payments, beginning in December 2011.

1

After appropriate notices, Deutsche Bank filed suit to foreclose on the property and moved for summary judgment. The trial court granted the motion, and ordered that McCarty defaulted on the note and owes $187,084.98, plus interest and attorney's fees, and that Deutsche Bank is authorized to proceed with foreclosure or, alternatively, may request issuance of an order of sale. This appeal followed.

**SUMMARY JUDGMENT**

In her first and second issues, McCarty contends the trial court erred by ignoring the plain language of the loan documents which identify Long Beach Mortgage Company as the lender and beneficiary under the security agreement. Acknowledging that the documents permitted Long Beach Mortgage Company to assign its rights to others, McCarty argues that Deutsche Bank produced no document proving that it is the legitimate successor in interest to Long Beach Mortgage Company. Therefore, the argument continues, whether Deutsche Bank is the owner and holder of the note and security agreement is a question of fact.

**Standard of Review**

A party moving for traditional summary judgment bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). A plaintiff moving for summary judgment must conclusively establish all essential elements of his cause of action as a matter of law. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986) (per curiam). Once the movant establishes its right to summary judgment as a matter of law, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact. *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014).

To determine if there is a fact issue, we review the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all the summary judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam).

2

**Applicable Law**

To recover for a debt due and owing on a promissory note, a party must establish that it is the legal holder of an existing note, the debtor's execution of the note, and that an outstanding balance is due and owing. *Santiago v. Novastar Mortg., Inc.*, 443 S.W.3d 462, 478 (Tex. App.—Dallas 2014, pet. denied), *abrogated in part on other grounds, Wood v. HSBC Bank USA, NA*, 505 S.W.3d 542 (Tex. 2016). The holder of an instrument is entitled to enforce the instrument. TEX. BUS. & COM. CODE ANN. § 3.301 (West 2002); *Santiago*, 443 S.W.3d at 478. A holder is the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession. TEX. BUS. & COM. CODE ANN. § 1.201(b)(21)(A).

A holder is presumed to be a holder in due course unless there is evidence to the contrary. *Williams v. Stansbury*, 649 S.W.2d 293, 295 (Tex. 1983). The presumption may be overcome by negating the elements requisite to holder in due course status. *IFC Credit Corp. v. Specialty Optical Sys., Inc.*, 252 S.W.3d 761, 767 (Tex. App.−Dallas 2008, pet. denied). Once the presumption is overcome, the person claiming the rights of a holder in due course has the burden to establish his status as such. *Id*.

**Analysis**

Deutsche Bank argued in its summary judgment motion that it is entitled to judgment because it can conclusively establish the existence of a valid note and a valid security instrument securing the note, the liability to Deutsche Bank for the debt evidenced by the note, and the default on the note. In support of the motion, it submitted copies of the note and deed of trust, the assignment to Deutsche Bank from JPMorgan Chase Bank, the notice of default and intent to accelerate, and the payoff quote. These documents are accompanied by an affidavit of the custodian of business records for Select Portfolio Servicing, Incorporated, the mortgage servicing company representing Deutsche Bank. *See* TEX. R. EVID. 902(10). The summary judgment evidence also includes a notice of acceleration from an attorney representing Select Portfolio Servicing, Incorporated and an affidavit in support of attorney's fees.

Contrary to McCarty's argument that the trial court cannot ignore the fact that the loan documents name a different entity as holder, and Deutsche Bank was required to prove it is "the legitimate successor in interest" to Long Beach Mortgage Company, a note holder is presumed to

be in due course absent evidence to the contrary. *See **Williams***, 649 S.W.2d at 295. McCarty did not present any evidence to the contrary, therefore the presumption stands.

The Select Portfolio Servicing affidavit identifies the attached documents, states that McCarty defaulted on the loan, and specifies that the payoff on the loan is $187,084.98. The affidavit also provides that "DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR REGISERED HOLDERS OF LONG BEACH MORTGAGE LOAN TRUST 2003-4, ASSET-BACKED CERTIFICATES, SERIES 2003-4 is the current holder of the Note." This statement is sufficient to establish holder in due course status upon which summary judgment can be based. ***Jonwilco, Inc. v. C.I.T. Fin. Servs.***, 662 S.W.2d 664, 665 (Tex. App.— Houston [14th Dist.] 1983, no writ).

Deutsche Bank established that it is the legal holder of the note and deed of trust executed by McCarty, and that she still owes $187,084.98. *See **Santiago***, 443 S.W.3d at 478. Therefore, the trial court did not err in determining Deutsche Bank is entitled to summary judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c). We overrule McCarty's first and second issues.

## DISPOSITION

Having overruled each of McCarty's issues, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered March 31, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 31, 2020**

**NO. 12-19-00246-CV**

**KATHERINE MCCARTY,**
Appellant
V.
**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR REGISTERED HOLDERS OF LONG BEACH MORTGAGE LOAN TRUST 2003-4, ASSET BACKED CERTIFICATES, SERIES 2003-4,**
Appellee

---

Appeal from the County Court at Law
of Van Zandt County, Texas (Tr.Ct.No. CV05851)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant **KATHERINE MCCARTY**, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*